Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | Nordberg |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2960 | **DATE** | 8/14/2003 |
| **CASE TITLE** | USA vs. Monica M. Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff's motion for entry of judgment on the pleadings be granted is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 98 C 2960 |
| MONICA M. SMITH, also known as MONICA M. HOUSTON, | ) ) ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

DOCKETED AUG 1 8 2003

DOCKETED AUG 1 8 2003

## UNITED STATES' DRAFT
## PROPOSED FINDINGS AND RECOMMENDATIONS

1. Pursuant to the provisions of Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 - 1087ii, the defendant executed promissory notes to obtain student loans. (Complaint Count I, para. 3, Count II, para. 3, Count III, para. 3).

2. The defendant failed to repay her loans. As of May 12, 1999, the defendant had an outstanding indebtedness to the United States of $23,508.98 with interest continuing to accrue. Ex. 1 (Complaint Count I, paras. 3 and 4, Count II, paras. 3 and 4, Count III, paras. 3 and 4).

3. The United States filed the complaint in this matter alleging that the defendant owed the United States money resulting from her failure to repay her student loans.

4. In her answer to the complaint, the defendant alleges that this action is barred by the statue of limitations and the principle of laches. Answer at para. 1. She also states that she does not have assets available for the United States to collect any amounts it is owed. *Id.*

5. The Higher Education Act was amended in 1991 and expressly eliminated any statute of limitations that had applied to suits to collect Department of Education financed loans. 20 U.S.C. § 1091. This amendment provided that litigation may be commenced to collect defaulted student

13

loans regardless of any statute of limitations that might otherwise have applied, and includes loans made prior to the Act's effective date. *See United States v. Phillips*, 20 F.3d 1005 (9th Cir. 1994).

6. Claims of laches as a defense to student loan enforcement have been repeatedly raised and rejected. Laches may conceivably be available as a defense against government action in some circumstances. *SER Jobs for Progress, Inc. v. U.S.*, 759 F.2d 1 (1st Cir. 1985), *but see United States v. Popovich*, 820 F.2d 134 (5th Cir. 1987) (laches may not be asserted as a defense against the United States when it is acting in its sovereign capacity to enforce a public right or protect the public interest, citing *United States v. Arrow Transp. Co.*, 658 F.2d 392 (5th Cir.1981), *cert. denied*, 456 U.S. 915 (1982)). Nevertheless, courts have rejected the claim as a defense to Federally-financed student loans. *See, e.g., United States v. McLaughlin,* 7 F.Supp. 2d 90, 92 (D. Mass 1998). In particular, the *McLaughlin* court found the 1991 congressional abrogation of statutes of limitation to be a compelling indication that Congress did not intend that laches be available to bar student loan enforcement. *Id.*

7. The remaining statements in the defendant's answer relate to the United States' ability to collect the money it is owed. The availability of assets from which to collect may indeed be an issue the United States will face in enforcing its judgment; however, the lack of assets is not a defense to entry of judgment.

8. Rule 12(c) of the Federal Rules of Civil Procedure allows for judgment on the pleadings when, while viewing the facts in the light most favorable to the non-moving party, it is beyond doubt that the non-moving party cannot plead facts in support of his cause of action. *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991); *Noah v. Enesco Corp.*, 911 F.Supp. 305, 307 (N.D.Ill. 1995). In addition, "[a] party is entitled to judgment on the pleadings only if that party 'clearly

establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law.'" *Grossman v. Minnesota Mut. Life Ins. Co.*, 842 F.Supp. 308, 309 (N.D.Ill. 1993), *citing National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

9. On August 5, 2003, defendant appeared pursuant to notice of presentment of the United States' motion for judgment on the pleadings. She did not dispute her student loan debt nor that she was in default of her repayment obligations.

10. There are no disputes of fact, relevant to this action, which need to be resolved. The defendant has never denied receiving the student loan funds. There are no legal bases under which the defendant can litigate the facts concerning her indebtedness to the Department of Education. Accordingly, the United States is entitled to entry of judgment in its favor.

11. The United States' motion for judgment on the pleadings is granted, for all the reasons previously set forth.

12. Judgment should be entered in the amount of $39,398.30, with interest being 5.375 percent per year accruing on that amount at the rate of $5.80 per day until judgment is fully paid.

*[signature]*
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: August 14, 2003